**J. Cantor Law**
JULIE D. CANTOR MD | JD
California Bar No. 231672**
E-mail: jc@jcantorlaw.com
1112 Montana Ave., #330
Santa Monica, California  90403
Telephone:   (424) 291-2194
**Admitted pro hac vice*

**Clark Hill PLC**
PAOLA M. ARMENI, ESQ.
Nevada Bar No. 8357
E-mail:  parmeni@clarkhill.com
1700 S. Pavilion Center Dr., Suite 500
Las Vegas, Nevada  89135
Telephone:   (702) 862-8300

**Trial Lawyers For Justice**
JAKOB Z. NORMAN
Wyoming Bar No. 6-3685**
ANSLEY H. O'BRIEN
Massachusetts Bar No. 711898**
Email: jakob@tl4j.com, ansley@tl4j.com
1700 Koch St., Suite 5
Bozeman, Montana  59715
Telephone:   (307) 267-9432
**Admitted pro hac vice*

*Attorneys for Petitioner Gregory Bolin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY BOLIN,<br><br>                           Plaintiff,<br><br>     v.<br><br>DR. MICHAEL KOEHN,<br>GREGORY MARTIN,<br>DAWN JONES,<br>DR. TED HANF,<br>DR. MICHAEL MINEV,<br>JAMES DZURENDA,<br>HAROLD WICKHAM,<br>CHARLES DANIELS, and<br>DR. KENNETH WILLIAMS.<br><br>                           Defendants. | Case No. 3:23-cv-00168-MMD-CLB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff Gregory Bolin ("Plaintiff"), by and through his attorneys, and pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Rule 15-1(a) of the Local Rules of Practice for the United States District Court for the District of Nevada, respectfully moves this Court for leave to file a Second Amended Complaint. This Motion is based upon the pleadings and papers on file, the Memorandum of Points and Authorities set forth below, and any oral argument the Court may permit. The proposed Second Amended Complaint adds parties, reorganizes and supplements factual allegations, and refines Plaintiff's legal claims in light of discovery and recent Ninth Circuit authority.

Leave to file is sought in good faith and is in the interests of justice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff respectfully seeks leave to file a Second Amended Complaint. The proposed Second Amended Complaint, which is attached as Exhibit A, serves several purposes: to conform the pleadings to facts developed through discovery; to reassert claims against defendants previously dismissed without prejudice; to add newly identified defendants; and to refine certain legal theories in light of recent Ninth Circuit decisions. Because Plaintiff now alleges facts confirming personal involvement by previously dismissed defendants and identifies new state actors whose conduct delayed life-saving care, amendment is not only permissible—it is necessary. Leave to amend meets both the letter and spirit of Rule 15; it is in the interests of justice. The Motion should be granted.

### II. PROCEDURAL BACKGROUND

On April 20 and May 3, 2023, respectively, Plaintiff filed his original Complaint and First Amended Complaint. (ECF Nos. 1 & 5.) These pleadings were filed *pro se*. In its Screening Order dated September 15, 2023, the Court dismissed Michael Koehn, M.D., and Dawn Jones, R.N., from the action without prejudice and granted leave to amend. (ECF No. 7 at 12.) Since that time, counsel appeared on Plaintiff's behalf and investigated factual, legal, and medical issues in the case. The deadline to add parties and/or amend the pleadings in this matter is May 19, 2025. (ECF No. 54 at 4.)

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

In July 2024, April 2025, and May 2025, the Ninth Circuit issued four decisions that impact this case: *Carley v. Aranas*, 103 F.4th 653 (9th Cir. 2024), *LeClair v. Dzurenda*, No. 23-15334, 2025 WL 999480 (9th Cir. Apr. 3, 2025) (unpublished), *Moraga v. Minev*, No. 24-160, 2025 WL 1201879 (9th Cir. Apr. 25, 2025) (unpublished), *Thomas v. Dzurenda*, No. 23-15336, 2025 WL 1419725 (9th Cir. May 16, 2025) (unpublished). These decisions extended qualified immunity to state actors who promulgated or followed the treatment prioritization scheme embodied in Nevada Department of Corrections ("NDOC") policy "Medical Directive 219," which delayed access to hepatitis C virus ("HCV") treatment for incarcerated persons.

Discovery is ongoing, and the case remains in its early stages.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Ninth Circuit has made clear that "[t]his policy is 'to be applied with extreme liberality.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Leave to amend may be denied "only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (bracket in original). Among these "*Foman*" factors, prejudice to the opposing party is most important. *Eminence Cap.,* 316 F.3d at 1052 ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."). If there is no prejudice or strong showing of another *Foman* factor, then "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

### IV. ARGUMENT

Plaintiff satisfies the Rule 15(a)(2) standard, and none of the *Foman* factors undermines that conclusion. Thus, this Court should grant Plaintiff's Motion for leave to amend.

### A. Plaintiff's Understanding of the Case Has Evolved

Plaintiff's understanding of the facts and injuries has evolved through discovery and with the assistance of counsel. Initially *pro se* and limited by incarceration, Plaintiff lacked access to critical NDOC records, medical literature, and legal advice when filing the operative complaint. Those limitations do not hamper the proposed Second Amended Complaint. It reflects facts uncovered to date and conforms to the current record.

### B. Recent Ninth Circuit Authority Supports Amendment

Four recent Ninth Circuit decisions—*Carley*, *LeClair*, *Moraga*, and *Thomas*—set forth the Eighth Amendment framework governing qualified immunity for state officials who delayed HCV treatment based on the prioritization scheme of NDOC's Medical Directive 219. These decisions post-date the operative complaint and affect certain theories in the case. Amendment is necessary to account for this new controlling authority.

### C. No *Foman* Factor Justifies Denial

No *Foman* factor is present; thus, the presumption in favor of granting leave to amend applies to the Court's analysis of this Motion.

#### 1. No bad faith or dilatory motive

Plaintiff has no improper motive. Documents produced during discovery confirmed the personal involvement of Dr. Koehn and Nurse Jones in denying and delaying HCV treatment to Plaintiff, and Plaintiff now includes those facts in his Second Amended Complaint. Notably, the Court expressly granted leave to amend as to those defendants; reasserting claims against them now—based on newly discovered evidence—is both appropriate and consistent with the Court's invitation to amend. (ECF No. 7 at 12.) Through discovery, Plaintiff also identified an additional primary care physician whom he now alleges was deliberately indifferent to his urgent need for HCV treatment. Plaintiff further identified an NDOC protocol with inflexible requirements that served only to precondition and delay his HCV treatment. The Second Amended Complaint properly asserts supervisory liability against the NDOC Directors and NDOC Medical Director who promulgated and maintained that rigid protocol. These developments reflect diligent investigation and case development—not any improper motive—and they represent good-faith

litigation activity that Rule 15 is designed to accommodate. Indeed, the Second Amended Complaint illustrates Plaintiff's continued effort to litigate this matter on the merits and in accordance with the procedural path the Court provided. The proposed Second Amended Complaint ensures that Defendants are on notice of the claims at issue and that justice is done.

### 2. No undue delay

Undue delay is not a factor here. Undue delay exists, for example, when a motion to amend is filed "several months" after a court deadline and where no explanation for such tardiness is given. *See, e.g.*, *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Even when that situation arises, "delay is not a dispositive factor in the amendment analysis." *Id.* Pursuant to this Court's Order, the deadline for amending the pleadings and/or adding parties is May 19, 2025. (ECF No. 54.) Because this Motion and the proposed Second Amended Complaint are timely, there is no undue delay, and this *Foman* factor is inapplicable.

### 3. No repeated failures to cure deficiencies

The proposed Second Amended Complaint is not the result of repeated failures to cure deficiencies. In its Screening Order, the Court identified deficiencies regarding factual allegations against Dr. Koehn and Nurse Jones. (ECF No. 7 at 9, 12.) The proposed Second Amended Complaint is Plaintiff's *first* attempt to cure those deficiencies. Thus, this *Foman* factor is also inapplicable because Plaintiff has not repeatedly failed to cure deficiencies.

### 4. No undue prejudice to Defendants

The party opposing amendment "bears the burden of showing prejudice." *Eminence Cap.*, 316 F.3d at 1052 (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). Defendants cannot meet that burden because granting leave to file the proposed Second Amended Complaint will not inflict undue prejudice on Defendants. As an initial matter, Defendants' Rule 26(a) disclosures included both Dr. Ted Hanf and Dr. Kenneth Williams, two of the four new defendants, as persons who may have knowledge relevant to this case; they have been on notice of involvement in the matter for some time. The other two newly added defendants succeeded James Dzurenda as NDOC Director following his departure in August

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

2019 from that position, and they are named based on facts developed during discovery. Adding those individuals is foreseeable. Most importantly, no trial date has been set, and discovery remains open for nearly four months. Further, no depositions have taken place, and expert reports have not yet been exchanged. Finally, the Parties have worked cooperatively with regard to scheduling and have entered into stipulations, which the Court has approved, to ensure that the case proceeds apace while accommodating scheduling needs. (*See, e.g.*, ECF Nos. 52 & 54.) Plaintiff is amenable to extensions of time, if needed, to ensure that there is no unfair disadvantage due to timing for any defendant.

### 5. The proposed Second Amended Complaint is not futile

There is no futility of pleading here, and, in any event, there is a "general preference against denying a motion for leave to amend based on futility." *Green Valley Corp. v. Caldo Oil Co.*, No. 09-CV-4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011). Amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) (explaining that amendment is futile if the amendments could not "withstand dismissal as a matter of law"). Plaintiff's Eighth Amendment and Fourteenth Amendment claims are already going forward against certain defendants. The proposed Second Amended Complaint adds factual allegations to support the return of Defendants Koehn and Jones to the case and those claims, as well as to include Defendant Hanf on that score. Further, pursuant to *Carley v. Aranas*, 103 F.4th 653 (9th Cir. 2024), Plaintiff has removed the theory of supervisory liability that rested on the prioritization scheme of Medical Directive 219. However, he has raised a theory of supervisory liability against the relevant NDOC Directors and NDOC Medical Director that rests on the pretreatment protocol for hepatitis C patients—a protocol that required completion of medically irrelevant tests that served only to delay care. *Carley* does not offer a qualified-immunity shield to that pretreatment protocol because it is not a prioritization scheme for HCV treatment; rather, it foisted completely unnecessary and medically unindicated conditions precedent to Plaintiff's ability to obtain urgently needed medical care. Finally, the proposed Second Amended

Complaint adds a claim for injunctive relief to ensure that Plaintiff receives medically required biannual cancer surveillance at six-month intervals. Not only is that claim for injunctive relief not futile, it is urgent and necessary, as it addresses ongoing harm from the lack of a surveillance plan to identify liver cancer at its earliest and most treatable stage. Adding this forward-looking relief to the operative complaint to protect Plaintiff's health is in the interests of justice—and he is entitled to such care under the Eighth Amendment to the Constitution of the United States. *Estelle v. Gamble*, 429 U.S. 97 (1976).

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the proposed Second Amended Complaint.

**DATED:** May 19, 2025    Respectfully submitted,

**J. CANTOR LAW**
/s/ Julie D. Cantor
JULIE D. CANTOR

**CLARK HILL PLLC**
/s/ Paola M. Armeni
PAOLA M. ARMENI

*Attorneys for Plaintiff Gregory Bolin*

## ORDER

Because no response was filed, the motion for leave to file a second amended complaint, (ECF No. 55), is **GRANTED** as unopposed. The Clerk shall file the second amended complaint attached at ECF No. 55-1.

**IT IS SO ORDERED**.

**Dated**: June 3, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**